MATTER OF WOO

In DEPORTATION Proceedings

A–11822728

*Decided by Board August 13, 1963*

While an applicant for suspension of deportation who is exempt from the require-
ment of any specified period of continuous physical presence as provided by
section 244(b), Immigration and Nationality Act, as amended, is also exempt
from the necessity of establishing good moral character for the period co-
extensive with the physical-presence period, he must establish good moral
character between the date he filed his suspension application and the date
it is finally adjudicated. Conduct prior to the filing date can be considered
in determining whether good moral character has been established during
the period in question.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable
at entry under section 212(a)(20)—No immigrant visa.

The special inquiry officer on June 18, 1963 entered an order grant-
ing the respondent's request that his deportation be suspended under
the provisions of section 244(a)(1) of the Immigration and Nation-
ality Act and directed that the case be certified to this Board for final
decision in accordance with the applicable regulations. The respond-
ent, a 28-year-old married male, native and citizen of China, was
first admitted to the United States at San Francisco, California on
March 24, 1948 under the name of Louie Chung Hing as the United
States citizen son of Louie Sheuck Yu, a native-born citizen of the
United States. The respondent last entered the United States at
Travis Air Force Base on or about May 16, 1960 as a member of the
United States Armed Forces. Deportation proceedings were instituted
against the respondent on February 14, 1962.

Hearings in deportation proceedings were held at Seattle, Wash-
ington on March 6 and March 26, 1962, at which time the respondent
and counsel admitted the truth of the factual allegations set forth in
the order to show cause and conceded deportability on the charge stated
therein. The respondent was not a citizen of the United States on the

347

occasion of his initial admission at San Francisco, California in March 1948 or when he last entered the United States as a member of the armed forces in May 1960. The decision of the special inquiry officer directing that the respondent be deported from the United States to Hong Kong or in the alternative to Formosa became final when no appeal was taken therefrom. The evidence of record clearly establishes that the respondent is subject to deportation under the provisions of section 241(a)(1) of the Immigration and Nationality Act, in that, at the time of entry he was within one or more of the classes of aliens excludable by the law existing at the time of such entry, to wit, aliens who are immigrants not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document and not exempted from the possession thereof by said Act or regulations made thereunder, under section 212(a)(20) of the Immigration and Nationality Act.

The respondent's motion requesting that the proceedings be reopened for the purpose of affording him an opportunity to prosecute an application for suspension of deportation under the provisions of section 244 of the Immigration and Nationality Act as amended by the Act of October 24, 1962 was granted by the special inquiry officer on January 25, 1963. For the reasons hereinafter set forth, the special inquiry officer's decision of June 18, 1963 granting the respondent's application for suspension of deportation under section 244 of the Immigration and Nationality Act, as amended, will be approved. The evidence adduced at the reopened hearing held at Seattle, Washington on February 1, 1963 establishes that the respondent was born in Hong Kong, British Crown Colony, on June 8, 1935; that he attended primary school in Hong Kong until he was 12 years of age, at which time arrangements were made by his father, then a resident of the United States, to have the respondent enter the United States as the son of one Louie Sheuck Yu, a native-born citizen of the United States. The respondent's testimony indicates that after his admission to the United States he retained his assumed identity of Louie Chung Hing; that he completed high school in the United States and joined the Washington State National Guard in 1956.

The respondent enlisted in the Regular Army of the United States on September 7, 1957. He served continuously therein until his honorable discharge therefrom on May 16, 1960, a period of two years and eight months, at which time he was transferred to the United States Reserve Corps. While a member of the armed forces of the United States stationed in Guam, the respondent secured leave and went to Hong Kong, British Crown Colony, where he was married on January 30, 1959 to one Tso Lai Jen, a native and citizen of China. (Ex. 7) A son, now two years of age, was born of this union in Hong

348

Kong, British Crown Colony. The respondent's petition for the issuance of a nonquota immigrant visa to his wife subscribed and sworn to before a United States Consular Officer at Hong Kong, British Crown Colony, on February 6, 1959 failed to receive favorable consideration because the respondent was unable to submit any evidence in support of his claim that he was a United States citizen and he refused to submit to blood grouping tests. The respondent when questioned under oath by an officer of the Service at the office of the American Consulate in Hong Kong, British Crown Colony, on June 29, 1959 reiterated his false claim of being a citizen of the United States and deposed that his father was Louie Sheuck Yu, a native-born citizen of this country.

The respondent's application requesting that his deportation be suspended under sections 244(a)(1) and 244(b) of the Immigration and Nationality Act was subscribed, sworn to and submitted for consideration at the Seattle, Washington office of the Service on February 1, 1963. Section 244(b) of the Immigration and Nationality Act as amended by the Act of October 24, 1962 provides that the requirements of continuous physical presence in the United States specified in paragraphs (1) and (2) of subsection (a) shall not be applicable to an alien who has served for a minimum period of 24 months in an active duty status in the armed forces of the United States and, if separated from such service, was separated under honorable conditions. As previously noted, the respondent served honorably in the United States Armed Forces on an active duty status for a continuous period of two years and eight months. This Board held in *Matter of P—*, A-11402870, decided June 19, 1963, that an applicant who is exempt from the requirements of any specified period of continuous physical presence as provided in section 244(b) of the Immigration and Nationality Act is also exempt from the necessity of establishing good moral character for the period coextensive with the physical presence period; that the alien in such case must establish good moral character between the date of the filing of his application for suspension of deportation and the date that it is finally adjudicated and the alien's conduct prior to the date of filing can be considered in determining whether good moral character has been established during the period in question.

The only manner in which the respondent's immigrant status can be adjusted is by suspension of deportation. He is ineligible for adjustment of status under section 245 of the Immigration and Nationality Act because the quota for Chinese persons is pre-empted in all categories for an indefinite period and he cannot qualify for the creation of a lawful record of admission under section 249 of the Act. The record reflects the respondent has never been affiliated with any subversive or proscribed organizations. Except for traffic arrests, the

respondent has no criminal record in the United States or elsewhere. Independent character investigations conducted by the Service are entirely favorable to the respondent's application for the discretionary relief of suspension of deportation. He has maintained an excellent employment record and his present employer describes him as a conscientious person of good character and reputation, without objectionable traits or bad habits. The respondent's fraudulent admission to the United States in March 1948 as a citizen thereof and his retention of the assumed identity under which he was admitted to the United States in 1948 as well as his continuing to claim to be a citizen of the United States until sometime after his discharge from the United States Armed Forces in May 1960 are acts which should not be charged against the respondent inasmuch as he was only a child 12 years of age when his natural father, then a resident of the United States, arranged to have him admitted to the United States as the citizen son of Louie Sheuck Yu, a United States citizen.

The respondent has been a resident of the United States since he was 12 years old, a period of more than 15 years. His military record in the United States Army is excellent. Moreover, he speaks good English and enjoys a good reputation among associates and employers. Persons who have known the respondent for many years attest that he is a person of good moral character and loyal to the United States. Clearly, his deportation from the United States would result in extreme hardship to himself. On the basis of all the evidence in this record, we find that the respondent has established good moral character and is statutorily eligible for the discretionary relief of suspension of deportation under section 244(a)(1). For the reasons hereinbefore set forth, no change will be made in the order of the special inquiry officer granting suspension of deportation.

ORDER: It is ordered that the deportation of the alien be suspended under the provisions of section 244(a)(1) of the Immigration and Nationality Act.

*It is further ordered* that if the Congress takes no action adverse to the order granting suspension of deportation, the proceedings be cancelled, and the alien, if a quota immigrant at the time of entry not then charged to the appropriate quota, be so charged as provided by law.

*It is further ordered* that in the event Congress takes action adverse to the order granting suspension of deportation, these proceedings shall be reopened upon notice to the alien.